A. B. Gibson v. Commissioner.
Gibson v. Commissioner
Docket No. 4316.
United States Tax Court
1945 Tax Ct. Memo LEXIS 94; 4 T.C.M. (CCH) 845; T.C.M. (RIA) 45278; August 27, 1945
*94 Deductions: Expenses: Reasonable salary. - Taking into account not only services rendered by taxpayer's secretary during the taxable year, but also services rendered in prior years for which she may not have been adequately compensated, the Tax Court holds that $8,000 is allowable as reasonable compensation paid taxpayer's secretary in lieu of $15,251.38 claimed by taxpayer. R. J. Cleary, Esq., Farmers Bank Bldg., Pittsburgh, Pa., and A. L. Schneider, C.P.A., Law & Finance Bldg., Pittsburgh, Pa., for the petitioner. Homer F. Benson, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $7,746.92 in the petitioner's income tax for the calendar year 1941. The only issue is - what is the amount of reasonable compensation for Helen Lamb, an employee. Findings of Fact The petitioner is an individual who resided in Mt.Lebanon Township, Allegheny County, Pennsylvania. He filed his income tax return for the year 1941 with the collector of internal revenue for the 23d district of Pennsylvania. The petitioner was engaged during 1941 and for a number of years prior thereto in carrying on a business, *95 as sole proprietor, under the name of Gibson Electric Company. The petitioner, on his return for 1941, in computing profit from his Gibson Electric Company business claimed a deduction of $25,184.01 for salaries and compensations. The Commissioner in determining the deficiency disallowed $11,751.38 of this total with the following explanation: "The amount of $15,251.38 paid to Miss Helen Lamb, Secretary, in the year 1941 and alleged to represent compensation for services rendered has been disallowed as a deduction from gross income for that year to the extent of $11,751.38. There has been allowed as a deduction from gross income for the year 1941 the amount of $3,500.00, as representing reasonable compensation for services rendered." A reasonable allowance for salary and other compensation for personal services actually rendered by Helen Lamb paid or incurred by the petitioner during 1941 in carrying on his trade or business was $8,000. Opinion MURDOCK, Judge: It is not so clear in this case which method of accounting, cash or accrual, should be used in computing the deduction claimed. It is stated on the return that it was filed on a cash basis. The determination of the *96 Commissioner would indicate that the amount in question was paid. No issue has been directly raised by the pleadings in regard to which method would be proper and, therefore, we confine ourselves to the question of what would be a reasonable allowance for salary and other compensation for services actually rendered to the business by Helen Lamb. The finding which disposes of this issue was made after taking into account not only the employee's services during 1941, but also services rendered in prior years for which she may not have been adequately compensated. We need not be concerned if the amount paid or accrued during 1941 was in excess of $8,000. The excess can be explained by the fact that the transactions between the petitioner and Miss Lamb were not on a strictly business basis. They were married in August 1942 and Gibson may have allowed in 1941 more than she was entitled to from the standpoint of services rendered to the business. Decision will be entered under Rule 50.